UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ERICK E. RIVERA, *pro se*,          :
                                    :
                 Plaintiff,         :
                                    :           **MEMORANDUM AND ORDER**
         -against-                  :           16-CV-329 (DLI) (JO)
                                    :
JPMORGAN CHASE, DOUGLAS SELLERS,    :
and MARY CAPPUCIO,                  :
                                    :
                 Defendants.        :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

On January 19, 2016, Plaintiff Erick E. Rivera ("Plaintiff"), proceeding *pro se*,[1] filed the instant action against his former employer, JPMorgan Chase ("JPMorgan" or "Defendant"). In a Second Amended Complaint, filed on July 1, 2016, Plaintiff added individual defendants Douglas Sellers ("Sellers") and Mary Cappucio ("Cappucio"), who were supervisors at JPMorgan. *See* Second Am. Compl., Dkt. Entry No. 30. On August 12, 2016, Plaintiff filed a Third Amended Complaint ("TAC"), which alleges violations of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) the New York Executive Law, Human Rights Law § 290 *et seq.* ("NYSHRL"); (3) the New York City Administrative Code § 8-107 *et seq.* ("NYCHRL"); (4) the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* ("SCRA"); and (5) the New York Labor Law, N.Y. Lab. Law § 663. *See generally*, TAC, Dkt. Entry No. 40. Plaintiff also alleges common law breach of contract and defamation claims. *Id.*

---

[1] The Court is mindful that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted), *abrogated on other grounds by Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007). Although a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) (citation omitted).

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, JPMorgan moves to dismiss the TAC, and Sellers and Cappucio join in that motion. *See generally*, Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem."), Dkt. Entry No. 61. Plaintiff opposes the motion. *See generally*, Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. Entry No. 65. For the reasons set forth below, Defendant's motion is granted as to Plaintiff's Title VII and SCRA claims, and the Court declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL, NYLL, breach of contract, and defamation claims, which are dismissed without prejudice.

## **BACKGROUND**[2]

Plaintiff is a Hispanic man of Ecuadorian origin. Compl. filed with the U.S. Equal Emp't Opportunity Comm'n ("EEOC Compl.") ¶ 2, Dkt. Entry No. 60-2. He was employed by JPMorgan as a personal banker from May 16, 2001 to April 25, 2013. TAC at 8 ¶ 6. Beginning in 2005, he worked as a personal banker at JPMorgan's branch located at 3729 Junction Boulevard in Queens. EEOC Compl. ¶ 5. In April 2010, Plaintiff began working under the supervision of Cappucio. *Id.* In or around June 2010, Plaintiff complained to JPMorgan's human resources department that he believed Cappucio was assigning new business to other personal bankers and not Plaintiff because Plaintiff is Ecuadorian. EEOC Compl. ¶ 6. On or about July 29, 2010, Plaintiff received a written warning about his work, which he contends was in retaliation for his complaint to human resources. EEOC Compl. ¶ 7. On or about July 30, 2010, Plaintiff was suspended from work for one week

---

[2] The following facts are drawn from the TAC and the complaint Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") ("EEOC Complaint"). The Court properly may consider the EEOC Complaint on a motion to dismiss. *See Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) (in deciding a motion to dismiss, "it is proper for this court to consider the plaintiff's relevant filings with the EEOC").

2

based on the written warning, then transferred to a different JPMorgan branch. EEOC Compl. ¶ 8.

On September 2, 2010, Plaintiff filed a complaint with the City of New York Commission on Human Rights ("CCHR"), which was crossfiled with the EEOC. *See generally*, EEOC Compl. The CCHR issued a Determination and Order After Investigation on June 10, 2011 ("Determination and Order"), finding that it could not substantiate Plaintiff's allegations and dismissing Plaintiff's complaint. *See* Determination & Order, Dkt. Entry No. 60-3. Plaintiff appealed, and the CCHR Commissioner affirmed the Determination and Order on December 2, 2011. *See* Determination & Order After Review, Dkt. Entry No. 60-6. On October 22, 2015, the EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") in which it adopted the findings of the CCHR. *See* TAC at 16. Plaintiff timely commenced this action on January 19, 2016. *See generally*, Compl., Dkt. Entry No. 1.

Defendant moved to dismiss the TAC contending primarily that: (1) Plaintiff has failed to exhaust his administrative remedies with respect to certain of his Title VII claims; (2) his Title VII claims fail to state a claim upon which relief can be granted; (3) his state and city claims are precluded by the election of remedies doctrine; (4) his SCRA claim is not pled with sufficient specificity; and (5) his NYLL, breach of contract, and defamation claims fail to state a claim upon which relief can be granted. *See generally*, Def.'s Mem. Plaintiff opposes. *See generally*, Pl.'s Opp'n.

## STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In resolving a motion to dismiss, courts "must accept as true all [factual] allegations contained in

a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pleadings are to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Boykin v. KeyCorp*, 521 F.3d 202, 219 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted) (alteration in original). To satisfy Rule 8, a plaintiff need not plead "detailed factual allegations," but the complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. Title VII Claims

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Plaintiff asserts claims of discrimination, retaliation, and hostile work environment under Title VII. He specifically

4

alleges that he was not assigned new business because of his national origin,[3] and that he was warned, suspended, transferred, and, ultimately, terminated in retaliation for complaining about this discrimination. *See generally*, EEOC Compl.; TAC.

### A. Individual Defendants Not Liable Under Title VII

Plaintiff names JPMorgan, Sellers, and Cappucio as defendants. However, Title VII does not provide for individual liability, even against those with supervisory control. *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011), (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)). Accordingly, Plaintiff's Title VII claims against Sellers and Cappucio are dismissed.

### B. Plaintiff Exhausted His Administrative Remedies

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e–5). A plaintiff also must have received a "right to sue" letter from the EEOC. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (citing *Legnani v. Alitalia Linee Aeree Italiene, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)). "Claims not raised in an EEOC complaint, however, may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Williams*, 458 F.3d at 70. Defendant argues that Plaintiff's wrongful termination claim, which does not appear in the EEOC Complaint, is not reasonably related to it and must be dismissed for failure to exhaust. Def.'s Mem. at 12-16. In particular, Defendant

---

[3] In the Third Amended Complaint, Plaintiff checked the box labeled "race" as a basis for Defendant's alleged discrimination, but he does not mention racial discrimination anywhere else. Accordingly, the Court considers his claims as to national origin only.

maintains that Plaintiff's termination cannot be reasonably related to the EEOC Complaint because the termination occurred two and a half years after Plaintiff filed the EEOC Complaint. *See* Def.'s Mem. at 14. In support of its argument, Defendant cites a string of Second Circuit cases on temporal proximity and causation. *Id.*

A claim in a federal lawsuit may be considered "reasonably related" to a claim in an EEOC complaint if: (1) "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made"; (2) the claim "alleg[es] retaliation by an employer against an employee for filing an EEOC charge"; or (3) the claim "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Williams*, 458 F.3d at 70, 70 n.1 (citations omitted). Construing Plaintiff's *pro se* pleading liberally, Plaintiff alleges that his termination, in part, was in retaliation for his filing the EEOC Complaint. *See* TAC at 10 ¶ 23. As such, the termination is "reasonably related" to the EEOC Complaint for exhaustion purposes.

In addition, the Court notes that the cases Defendant cites in support of its argument on exhaustion almost uniformly concern temporal proximity in the context of a First Amendment retaliation claim, *not* a Title VII claim. *See, e.g.*, *Sanchez v. Conn. Natural Gas Co.*, 421 F. App'x 33 (2d Cir. 2011) (termination allegedly in retaliation for protected speech); *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545 (2d Cir. 2001) (same); *Morris v. Lindau*, 196 F.3d 102 (2d Cir. 1999) (same). Indeed, in the context of Title VII claims, the Second Circuit has found retaliation claims that occurred up to four years after a plaintiff filed an agency complaint "reasonably related." *See Duplan v. City of New York*, 888 F.3d 612, 623 (2d Cir. 2018) (citing *Legnani*, 274 F.3d 683, 684-85 (2d Cir. 2001) *and Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999)).

6

The Court finds that Plaintiff's retaliation charge is reasonably related to his EEOC Complaint. Therefore, Plaintiff has exhausted his Title VII claims properly.

## C. The Title VII Discrimination Claims Are Not Pled Sufficiently

A claim of employment discrimination under Title VII is analyzed using the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, the plaintiff bears the burden of establishing a *prima facie* case of discrimination by showing: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Tolbert v. Smith*, 790 F.3d 427, 435 (2d Cir. 2015). A circumstance that gives rise to an inference of discrimination for purposes of making out a *prima facie case* is one where "the employer treated plaintiff less favorably than a similarly situated employee outside his protected group . . . ." *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotations omitted).

"A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment . . . which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (citation and internal quotation marks omitted). Examples of adverse employment actions include, "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Id.* (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)) (internal quotation marks omitted).

The pleading requirement for circumstances giving rise to an inference of discriminatory intent is slightly relaxed. *Id.* at 84 (quoting *LittleJohn v. City of New York*, 795 F.2d 297, 306, 311

(2d Cir. 2015) ("[B]ecause a temporary presumption of discriminatory motivation is created under the first prong of the *McDonnell Douglas* analysis, a plaintiff need only give plausible support to a minimal inference of discriminatory motivation.") (internal quotation marks omitted). Nonetheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 20 (2d Cir. 2015) (summary order) (quoting *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)) (alteration in original). After plausibly alleging that the employer took adverse action against him, a plaintiff must allege facts supporting his claim that, "his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega*, 801 F.3d at 87. "The 'ultimate issue' in an employment discrimination case is whether the plaintiff has met [his] burden of proving that the adverse employment decision was motivated at least in part by an 'impermissible reason,' *i.e.*, a discriminatory reason." *Stratton v. Dep't for the Aging for City of N.Y.*, 132 F.3d 869, 878 (2d Cir. 1997) (citations omitted). A plaintiff may meet this burden through direct evidence of intent to discriminate, or "by indirectly showing circumstances giving rise to an inference of discrimination." *Vega*, 801 F.3d at 87 (citations omitted).

One way in which a plaintiff can demonstrate discriminatory intent is by alleging facts sufficient to demonstrate that "the employer treated plaintiff less favorably than a similarly situated employee outside his protected group." *Mandell*, 316 F.3d at 379 (citations omitted); *see also Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014); *Ruiz v. County of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010). To demonstrate disparate treatment, a Plaintiff must allege that he was similarly situated in all material respects to the individuals with whom he seeks to compare himself. *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999) (citing *Shumway v.*

*United Parcel Servs., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997) (internal quotation marks omitted); *Brown v. Daikin Am. Inc.*, 756 F.3d at 230. In determining whether an employee is similarly situated, courts look at whether plaintiff and his comparator were (1) "'subject to same performance evaluation and discipline standards' and (2) 'engaged in comparable conduct.'" *Ray v. Weit*, 2016 WL 1229056, at 4 (E.D.N.Y. Mar. 28, 2016) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)).

Furthermore, to defeat a motion to dismiss, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated . . . ." *Vega*, 801 F.3d at 84. Instead, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Id.* at 87. The Second Circuit has emphasized that this burden is "minimal." *Id.* at 86.

As to the first element, the adverse actions Plaintiff alleges are that he was not assigned new business and was not promoted. EEOC Compl. ¶ 6; TAC at 9 ¶ 14. "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment . . . . An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Brown v. City of Syracuse,* 673 F.3d 141, 150 (2d Cir. 2012).

Plaintiff provides no information as to the effect on his employment of not being assigned new business, such as a decrease in wages or responsibility. *See generally*, EEOC Compl.; TAC. As a result, it is impossible for the Court to conclude that Plaintiff's lack of new business assignments constituted an adverse action within the meaning of Title VII. *See, e.g.*, *McCowan v. HSBC Bank USA*, 689 F. Supp.2d 390, 408 n.8 (E.D.N.Y. 2010) (holding that a job assignment

cannot constitute an adverse employment action in the absence of evidence that the assignment had negative consequences). Moreover, when claiming a discriminatory failure to promote, a plaintiff must "allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). Plaintiff does not so allege here. Thus, Plaintiff has not alleged an adverse employment action for Title VII purposes. Accordingly, the Title VII discrimination claims are dismissed.

### D. The Title VII Retaliation Claims Fail

During the course of his employment with JPMorgan, Plaintiff received a written warning, was suspended from work for a week, transferred to another JPMorgan branch, and terminated. EEOC Compl. ¶¶ 7-8; TAC at 9 ¶ 13. He contends that these events were in retaliation for his complaints about discrimination. *Id.*

"Title VII forbids an employer to retaliate against an employee for, *inter alia*, complaining of employment discrimination prohibited by Title VII[.]" *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006) (citing 42 U.S.C. § 2000e–3(a)). To state a Title VII retaliation claim, a plaintiff must allege facts that show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (internal citation and quotation marks omitted). Retaliation must be a "but for" cause of the adverse employment action. *Vega*, 801 F.3d at 90. It is not enough for retaliation to be a "substantial" or "motivating" factor in an employer's decision. *Id.* at 90-91.

Plaintiff's complaints to human resources and the filing of an EEOC Complaint constitute

protected activity under Title VII. However, Defendant argues that Plaintiff's warning, suspension, and transfer do not constitute adverse employment actions. *See* Def.'s Mem. at 17. In making this argument, Defendant conflates the definition of an adverse employment action for a discrimination claim with the definition for a retaliation claim. *See Id.* In the context of a retaliation claim, "an adverse employment action is any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Vega*, 801 F.3d at 90 (quoting *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57 (2006)). "This definition covers a broader range of conduct than does the adverse-action standard for claims of discrimination under Title VII[.]" *Id.* Plaintiff's allegations of discipline, suspension, and transfer meet this standard. Plaintiff's termination also meets this standard, and Defendant does not argue otherwise.

Nevertheless, Plaintiff falls short in providing evidence of any causal connection between the protected activity and the adverse employment actions. He alleges that the actions were "in retaliation," but provides no allegations of fact to support this bald conclusion. Plaintiff fails to show a causal connection between the protected activity and the adverse employment actions. Accordingly, Plaintiff's Title VII retaliation claims are dismissed.

### E. The Hostile Work Environment Claim Fails

Plaintiff alleges that he "suffered verbal bullying and ethnic slurs," and that he "tolerated a disturbing hostile environment based on a pattern and practice of overt ethnic discrimination." TAC at 9 ¶¶ 15-16. Defendant argues that Plaintiff has not provided sufficient facts to support these claims. Def.'s Mem. at 16.

"To state a claim for a hostile work environment in violation of Title VII, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or

pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected characteristic]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotations omitted) (elipsis in original); *see Ruiz v. City of New York*, No. 14-cv-5231 (VEC), 2015 WL 5146629, at *8 (S.D.N.Y. Sep. 2, 2015).

In the instant case, Plaintiff refers to "verbal bullying" and "ethnic slurs" in general terms, but he provides no examples. TAC at 9 ¶ 15. Furthermore he neither attributes the alleged bullying and slurs to any particular person, nor provides any information about when such an incident or incidents may have occurred. Without more, the Court cannot conclude that the environment in which Plaintiff worked was hostile. Accordingly, Plaintiff's hostile work environment claim is dismissed.

## II. The SCRA Claim is Pled Insufficiently

Plaintiff's allegation as to the SCRA claim is that "the Plaintiff overpaid Defendant for the SCRA benefits." *See* TAC at 10 ¶ 27. Defendant argues that this statement "is so vague and unclear that Defendant has not been given adequate notice as to the substance of the claim. . . ." Def.'s Mem. at 20. The Court agrees. As pled, the claim fails to satisfy Rule 8's requirement that a claim state "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, the claim is dismissed.

## III. NYSHRL, NYCHRL, NYLL, Defamation, and Breach of Contract Claims

"[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). A district court's discretion is

guided by "balanc[ing] the traditional 'values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari*, 455 F.3d at 122 (quoting *Cohill*, 484 U.S. at 350 n.7) (elipsis in original).

Considering the foregoing factors, there is no justifiable reason for the Court to exercise supplemental jurisdiction over Plaintiff's remaining state and city law claims, which are dismissed without prejudice. Accordingly, the Court does not consider Defendants' argument that these claims are precluded by the election of remedies doctrine.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Title VII and SCRA claims are dismissed with prejudice,[4] and the Court declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL, NYLL, breach of contract, and defamation claims, which are dismissed without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
     September 27, 2018

                                                       /s/
                                    DORA L. IRIZARRY
                                       Chief Judge

---

[4] Plaintiff did not seek leave to amend the Third Amended Complaint, but in light of Plaintiff's *pro se* status, the Court has considered the matter and, under the circumstances, finds that leave to amend would be futile.