# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
DENNY CHIN,
 *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ERICK E. RIVERA,

      *Plaintiff-Appellant,*

    -v-           18-3308-cv

JP MORGAN CHASE,

      *Defendant-Appellee,*

DOUGLAS SELLERS, MARY CAPPUCIO,

      *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    Erick E. Rivera, *pro se*, Rego Park, New York.

CERTIFIED COPY ISSUED ON 05/29/2020

| | |
|---|---|
| FOR DEFENDANT-APPELLEE: | Jeremy M. Brown, Epstein Becker & Green, P.C., New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Erick E. Rivera, proceeding *pro se*, appeals from a judgment of the district court entered September 28, 2018, dismissing his employment discrimination complaint against his former employer, defendant-appellee JP Morgan Chase ("JPMC"), and two of his supervisors (collectively, "defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Rivera sued defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* (the "SCRA"), and state law, claiming that JPMC discriminated against him based on his race and national origin, subjected him to a hostile work environment, and retaliated against him. Rivera, who is of Ecuadorian origin, claimed that his supervisors at JPMC gave him less work than non-Ecuadorian bankers, verbally bullied him, suspended him, and terminated him in retaliation for his complaints to human resources and the Equal Employment Opportunity Commission (the "EEOC").

By Memorandum and Order issued September 27, 2018, the district court dismissed Rivera's complaint, ruling that he failed to state a claim under Title VII or the SCRA, and declining to exercise supplemental jurisdiction over the remaining claims. Judgment entered September 28, 2018. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the dismissal of a complaint for failure to state a claim, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor," *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rivera's *pro se* complaint is "entitled to special solitude" and must be read "to raise the strongest arguments" that it suggests. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d. Cir. 2015) (internal quotation marks omitted).[1]

---

[1] As a preliminary matter, Rivera's brief on appeal does not address the district court's dismissal of his SCRA claim or his Title VII claims against the individual defendants, or its decision not to exercise supplemental jurisdiction over his state law claims. Accordingly, his appeal of those claims is waived. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 66 (2d Cir. 2012) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (internal quotation marks omitted)); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (holding, in appeal brought by *pro se* litigant, that issue not mentioned in appellant's brief was waived).

## I. *Discrimination*

"[A]t the pleadings stage of an employment discrimination case, a plaintiff has a *minimal* burden of alleging facts suggesting an inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (internal quotation marks omitted). Rivera was required to "plausibly allege that (1) [JPMC] took adverse action against him and (2) his race . . . or national origin was a motivating factor in the employment decision." *Id.* at 86.

Even under this minimal standard, the district court did not err in concluding that Rivera failed to state a discrimination claim. His discrimination claim was premised on two allegations: a reduction in business assignments compared to other bankers and the denial of a promotion. As to his reduction-of-business claim, Rivera did not plausibly allege that the reduction in assignments was "adverse" -- *i.e.*, that it involved "a materially adverse change in the terms and conditions of employment," that was "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* at 85 (internal quotation marks omitted). As to his failure to promote claim, Rivera was required to allege that "he applied for a specific position . . . and was rejected therefrom, rather than merely asserting that . . . he generally requested promotion." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). Rivera did not allege that he applied for a specific position and was rejected; instead, he generally

4

alleged that he was "denied a promotion regardless of managerial recommendation." App'x at 20.[2]

## II. *Hostile Work Environment*

To state a claim for hostile work environment under Title VII, Rivera was required to plausibly allege that the unlawful conduct "(1) [was] objectively severe or pervasive . . . ; (2) create[d] an environment that [he] subjectively perceive[d] as hostile or abusive; and (3) create[d] such an environment because of [his race or national origin]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks omitted). Rivera's complaint broadly alleged that he was subjected to a "pattern and practice of overt ethnic discrimination" involving "verbal bullying and ethnic slurs," but did not provide details of the alleged hostile acts. App'x at 20. The district court correctly held that these general allegations were insufficient to state a hostile work environment claim because Rivera's complaint did not provide any details, such as when and how frequently these incidents occurred, who the speakers were, or what was said. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110-11 (2d Cir. 1997) ("For racist comments, slurs, and jokes to constitute a hostile work environment, there must be

---

[2] Rivera argues that the district court erred in failing to consider his termination as an adverse employment action. This argument is unavailing because Rivera alleged that his termination was retaliatory, not discriminatory. And in that retaliation context, the district court correctly considered the termination to be an adverse employment action. But even had the district court considered his termination under the discrimination framework, the claim would still fail because Rivera did not plausibly allege that "his race . . . or national origin was a motivating factor in the [termination]." *Vega*, 801 F.3d at 86.

5

more than a few isolated incidents of racial enmity, meaning that [i]nstead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments." (internal citation and quotation marks omitted)).

**III.     *Retaliation***

To state a claim for Title VII retaliation, Rivera was required to plausibly allege "(1) participation in a protected activity; (2) that [JPMC] knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action."  *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d. Cir. 2015).

Liberally construing Rivera's third amended complaint in conjunction with his EEOC complaint, we conclude that he plausibly alleged that he complained to human resources in June 2010 that his supervisors were discriminating against him due to his national origin, and that JPMC retaliated against him in July 2010 by, among other things, "strip[ping] him of his duties," "divert[ing his] new clients to other bankers," suspending him, and terminating his employment.  *See* App'x at 20, 28-29.[3] The district court properly concluded that Rivera's complaint to human resources and

---

[3]     Rivera's third amended complaint did not provide specific dates.  Therefore, the dates surrounding his protected activity and the adverse employment action are taken from his 2010 EEOC complaint, which the district court properly considered.  *See* App'x at 80-81; s*ee also Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) (in deciding a motion to dismiss, "it is proper for [a] court to consider the plaintiff's relevant filings with the EEOC.").

his EEOC complaint were protected activity and that Rivera's allegations of discipline, suspension, and termination were adverse employment actions. The district court correctly reasoned that, for retaliation purposes, an adverse employment action is "any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination," and that standard "covers a broader range of conduct than the adverse-action standard for claims of discrimination." App'x at 89 (internal quotation marks omitted) (quoting *Vega*, 801 F.3d at 90).

The district court, however, erred in concluding that Rivera failed to plausibly allege a causal connection between the protected activity and the adverse employment action. In his EEOC complaint, Rivera alleged that adverse employment actions began one to two months after he complained to human resources. At the pleading stage, "[a] retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action." *Vega*, 801 F.3d at 90; *see Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) ("Close temporal proximity between the plaintiff's protected action and the employer's adverse employment action may in itself be sufficient to establish the requisite causal connection between a protected activity and retaliatory action."). Though there is no bright-line rule on temporal proximity, this Court has held that a one to two month period between the protected activity and adverse employment action is generally sufficient to make a *prima facie* causation showing. *See, e.g., Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254

7

(2d Cir. 2014) (within five months); *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cty.*, 252 F.3d 545, 555 (2d Cir. 2001) (roughly four months); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) (less than two months). Here, in light of Rivera's *pro se* status, drawing all reasonable inferences in his favor and liberally construing the pleadings, we conclude that he plausibly pled a claim for retaliation based on his allegation that a range of adverse employment actions began one to two months after his complaint to human resources. Accordingly, we vacate the district court's dismissal of Rivera's retaliation claim and remand for further proceedings on this issue.

\* \* \*

We have considered Rivera's remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8